Blackford, J.
This was a scire facias issued'by a justice of the peace against Peery. The writ stated that the plaintiffs had obtained judgment against one Stuck, &c.; that Peery had become bail for the stay of execution; and that after the expiration of the time, &c., a fieri facias had issued on the judgment against Stuck, and been returned “ no property found.” The defendant pleaded, 1, That after the expiration of the time for which the judgment was replevied, an execution was issued by the justice on the judgment against Stuck; that the constable levied on certain goods of Stuck, and took a *delivery-bond from him and one Giran, his surety; that the goods were not delivered, and the bond was forfeited; and that the goods levied on were sufficient to satisfy-the judgment. 2, That after the expiration of the time, &c., Stuck had goods enough to satisfy the judgment.
The justice gave judgment for the plaintiffs, and the defendant appealed. The cause was submitted to the Circuit Court without a jury, and a judgment rendered for the defendant.
The facts are as follows: The plaintiffs obtained a judgment before a justice of the peace for a certain sum against Stuck, and Peery became replevin bail in the case. After the time for which the judgment was replevied had expired, a fieri facias was issued on the judgment against Stuck, and levied on certain goods which were not sold for want of buyers. Several executions were afterwards successively issued on said judgment, the last of which was returned levied on certain goods and a delivery-bond taken from Stuck, with Giran his surety, which bond was forfeited. A scire facias issued on the delivery-bond, and judgment was. rendered against the obli- *429 gors. A fieri facias issued on the last-named judgment, which was returned “no property found.” A fieri facias was then taken out against Stuck, on the original judgment against him, which was returned “no property found.” After these proceedings, the present suit by scire facias was commenced.
L. Barbour, for the plaintiffs.
H. Brown and W. Quarles, for the defendant.
The only question in the cause is whether the delivery-bond and the proceedings on it are a bar to this suit.
There is no difficulty in this case. By the express language of the statute, the taking of a delivery-bond is not a satisfaction of the judgment. Rev. Stat., 1838, p. 147, sect. 14. After the forfeiture of a delivery-bond, the plaintiff may proceed either on the original judgment or on the bond; añd the proceedings on either, unless satisfaction be obtained, can be no bar to subsequent proceedings on the other. The delivery-bond not being a satisfaction of the judgment, may be considered merely as a collateral security. In the case before us, the plaintiffs showed a judgment against Stuck, the defendant’s entry of himself on the docket as replevin bail, and a fieri facias on the judgment against Stuck, returned “no *property found.” That gave the plaintiffs, prima facie, a right to a judgment; and the record shows no valid defense to the suit. The judgment for the defendant is therefore erroneous.
Per Curiam.—The judgment is reversed with costs.